Jacob Markowitz, J.
The third-party defendant moves for dismissal of the third-party complaint of H. W. Robinson & Co., Inc., pursuant to rule 106 of the Rules of Civil Practice and section 193-a of the Civil Practice Act. Plaintiff’s action in negligence is against the lessee, the third-party plaintiff, and the owner of premises, Midtown Warehouses, Inc., at which there was installed a machine alleged to be owned and controlled by the defendants. It is of no moment that the third-party plaintiff alleges ownership of the machine in a third person not a party to this action, for liability to the plaintiff may rest upon control alleged by plaintiff to be in both defendants. Plaintiff alleges that, while at the premises, a metal screen used as a belt guard fell from the top of the machine and struck him. The third-party complaint alleges that plaintiff was on the premises as the employee of the third-party defendant and was operating the machine as such employee while in the course of his employment; that neither plaintiff nor third-party defendant had been granted the permission of the machine owner to use the machine or of the third-party plaintiff to come upon the premises, and accordingly the third-party plaintiff alleges that the plaintiff and third-party defendant were thus trespassers. The third-party plaintiff denies any negligence whatsoever, but asserts that, by reason of the act of trespass, the third-party defendant by its employee, the plaintiff herein, is the active wrongdoer in relation to the injury sustained.
Under section 193-a of the Civil Practice Act, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff’s claim against him. Upon the facts set forth in the third-party complaint, the third-party defendant is brought in solely on the ground that its employee, the plaintiff herein, was a trespasser and that this trespass was committed while he was engaged in the course of his employment for the third-party defendant. Even if the allegations of the third-party complaint are deemed to be true, the legal rights and duties of the plaintiff and his employer, the third-party defendant, remain the same for both. These allegations may be asserted and proved at trial as a defense, but, standing alone, they constitute no cl aim of possible liability by the third-party defendant, as required under section *326 193-a of the Civil Practice Act. The matters stated in the third-party complaint may affect the relative standards of due care which the third-party plaintiff, as lessee of the premises, owes to the plaintiff, but does not affect any ultimate rights of recovery over or indemnification which the third-party plaintiff may possibly assert against the third-party defendant. Indeed, the liability of the defendants to the plaintiff must, of course, be assessed in the Mght of their duty owing to the plaintiff in all the circumstances including any proof respecting the lawfulness of plaintiff’s presence upon the premises and in accordance with instructions of the court concerning that duty. If trespass there be, then liability will arise only upon such proof as will render the defendants actively negligent. In addition, in this context it is not perceived that a mere act of trespass is in any way contributory to the occurrence of the alleged acts but as already stated, has effect merely on the standard of duty of the defendants toward the plaintiff. The third-party complaint states no cause of action and it is insufficient.
The motion is granted and the third-party complaint is dismissed.